UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-4222-JVS-KK** | Date: | May 18, 2020 |
|---|---|---|---|
| Title: | *Brandon Bibbs v. United States* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:**   (In Chambers) Order to Show Cause Why Petition Should Not Be Dismissed for Failure to Name a Proper Respondent and Based on <u>Younger</u> Abstention

I.
**MINTRODUCTION**

On April 27, 2020, Brandon Bibbs ("Petitioner"), proceeding <u>pro se</u>, constructively filed a "Notice of Motion to Request Emergent Order Temporary Release Based on Threatened Conditions" ("Petition"). ECF Docket No. ("Dkt.") 1. Petitioner appears to challenge his current confinement at Men's Central Jail in Los Angeles County. For the reasons set forth below, the Court construes Petitioner's filing as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") that is subject to dismissal (1) for failure to name a proper respondent and (2) because Petitioner seeks to interfere with pending state criminal proceedings. The Court, however, will provide Petitioner with an opportunity to address these issues before making a final determination regarding whether the Petition should be dismissed.

II.
**BACKGROUND**

On an unspecified date, Petitioner was charged[1] with ten counts of robbery with a firearm. Dkt. 1 at 2. Petitioner is currently "awaiting trial" at Men's Central Jail in Los Angeles County,

---

[1] Petitioner does not state in what court he was charged.

(continued . . .)

where he has been detained since April 22, 2016.  Id. at 5.  Petitioner seeks "temporary release" pursuant to "18 U.S.C. § 3142(i)(4)[2] and the First, Sixth, Eighth and Fourteenth amendments," based on the following claims: (1) "L.A. County Jail['s] overpopulation with COVID-19 patients"; (2) "unsanitary jail conditions"; (3) "inadequacy of courts and counsel"; and (4) "safe release conditions." [3]  Dkt. 1 at 1, 10, 11.  The only relief Petitioner seeks is "temporary release."  Id. at 1.

## III.
## DISCUSSION

### A.  THE PETITION IS SUBJECT TO DISMISSAL BECAUSE PETITIONER FAILS TO NAME A PROPER RESPONDENT

"[T]he proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'"  Rumsfeld v. Padilla, 542 U.S. 426, 434, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004).  Thus, "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held."  Id. at 435; see Stanley v. Cal. Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (as amended May 18, 1994) (holding the proper respondent in a habeas action is "typically . . . the warden of the facility in which the petitioner is incarcerated"); Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).  "Failure to name the correct respondent destroys personal jurisdiction."  Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (as amended May 8, 1996).

Here, the Petition names the United States as the adverse party; however, Petitioner is confined at Men's Central Jail.  See dkt. 1.  The United States, therefore, does not have custody over Petitioner.  See Rumsfeld, 542 U.S. at 434.  Accordingly, the Petition is subject to dismissal for failure to name a proper respondent.

///
///

---

[2] 18 U.S.C. § 3142 is a federal statute that governs pretrial detention of federally charged criminal defendants and is, therefore, inapplicable.  18 U.S.C. § 3142; see also United States v. Cohen, No. C 10-00547 SI, 2010 WL 5387757, at *7 (N.D. Cal. Dec. 20, 2010).

[3] To the extent Petitioner seeks to challenge his conditions of confinement, such claims are not cognizable on habeas review and Petitioner must file a complaint pursuant to 42 U.S.C. § 1983. See Crawford v. Bell, 599 F.2d 890, 891-92 (9th Cir. 1972) (holding that a challenge to allegedly cruel and unusual prison conditions could not be brought via habeas); Nelson v. Campbell, 541 U.S. 637, 643 (2004) ("[C]onstitutional claims that . . . challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of [habeas] core and may be brought pursuant to § 1983[.]").

While courts may, in limited circumstances, convert a Petition into a civil rights action, the Court does not find such circumstances are present in this case, because the Petition is not amenable on its face to conversion and the relief sought, i.e. release, cannot be sought in a civil rights case. See Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016) (en banc), cert. denied, 137 S. Ct. 645 (2017).

**B.    THE PETITION IS SUBJECT TO DISMISSAL BECAUSE IT SEEKS TO INTERFERE WITH PENDING STATE COURT PROCEEDINGS**

   **1.    Applicable Law**

"[T]he general grant of habeas authority in [28 U.S.C. § 2241] is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment [such as] a defendant in pre-trial detention[.]" Stow v. Murashige, 389 F.3d 880, 886 (9th Cir. 2004) (quoting White v. Lambert, 370 F.3d 1002, 1006 (9th Cir. 2004)) (holding pretrial detainee's request for federal habeas relief under 28 U.S.C. § 2241(c)(3) is properly brought).

Principles of comity and federalism require federal courts to abstain from interfering with pending state court proceedings. See Younger v. Harris, 401 U.S. 37, 43-45, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). The Ninth Circuit has held abstention is appropriate when: (1) there is "an ongoing state judicial proceeding"; (2) the proceeding "implicate[s] important state interests"; (3) there is "an adequate opportunity in the state proceedings to raise constitutional challenges"; and (4) the requested relief "seek[s] to enjoin" or has "the practical effect of enjoining" the ongoing state judicial proceeding. Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018) (citing ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund, 754 F.3d 754, 758 (9th Cir. 2014)).

"Extraordinary circumstances," however, may warrant exception to the "fundamental policy against federal interference with state criminal prosecutions." Younger, 401 U.S. at 46, 53-54; Brown v. Ahern, 676 F.3d 899, 900-01 (9th Cir. 2012) (holding "abstention principles . . . prohibit a federal court from considering a pre-conviction habeas petition that seeks preemptively to litigate an affirmative constitutional defense unless the petitioner can demonstrate that 'extraordinary circumstances' warrant federal intervention." (citing Carden v. State of Mont., 626 F.2d 82, 83 (9th Cir. 1980))). To demonstrate an exception to Younger, Petitioner must show: (1) he would suffer irreparable harm that is "both great and immediate" if the federal court declines jurisdiction; (2) there is bad faith or harassment, on the part of state, in prosecuting him; or (3) the state court system is biased against Petitioner's federal claim. See Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432, 102 S. Ct. 2515, 2521, 73 L. Ed. 2d 116 (1982); Kugler v. Helfant, 421 U.S. 117, 124-25, 95 S. Ct. 1524, 44 L. Ed. 2d 15 (1975); see also Brown, 676 F.3d at 901 (citing Carden, 626 F.2d at 83).

   **2.    Analysis**

As an initial matter, Petitioner states he is "awaiting trial" and is, therefore, a pretrial detainee. 28 U.S.C. § 2241 ("Section 2241"), thus, governs this case.

In addition, all four Younger abstention criteria are satisfied here. First, Petitioner has an "ongoing state judicial proceeding" as he states he is "awaiting trial." Second, the resolution of state criminal proceedings clearly implicates important state interests. See Kelly v. Robinson, 479 U.S. 36, 49, 107 S. Ct. 353, 93 L. Ed. 2d 216 (1986) ("The right to formulate and enforce penal sanctions is an important aspect of the sovereignty retained by the States." (citing Younger, 401 U.S. at 46)); see also Middlesex, 457 U.S. at 432 ("Proceedings necessary for the vindication of important state policies or for the functioning of the state judicial system also evidence the state's substantial interest in the litigation."). Third, Petitioner has "an adequate opportunity in the state proceedings to raise constitutional challenges," either at the trial or appellate level, and there appears to be nothing to

prevent Petitioner from doing so.  See Arevalo, 882 F.3d at 765.  Petitioner could file a bail review, or can appeal the trial court's bail determination to the California Court of Appeal.[4]  Fourth, habeas relief from this Court in the form of release would have the "practical effect" of enjoining the state court proceedings, and would release Petitioner prior to the adjudication of his criminal case.  See Bowell v. Paramo, No. CV-17-9313-TJH-MAA, 2018 WL 4735721, at *4 (C.D. Cal. Aug. 6, 2018), report and recommendation adopted, No. CV-17-9313-TJH-MAA, 2018 WL 4698250 (C.D. Cal. Sept. 28, 2018), certificate of appealability denied, No. 18-56319, 2018 WL 6978341 (9th Cir. Dec. 20, 2018) (finding if the Court were to grant emergency release, "it necessarily would entail interference because the ongoing state proceeding effectively would be terminated" (citing San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose, 546 F.3d 1087, 1095-96 (9th Cir. 2008) (finding interference under Younger where the federal relief sought would "involve the federal courts in terminating or truncating" the ongoing state proceeding (citation omitted)))).

Finally, Petitioner identifies no "extraordinary circumstances" warranting the Court's interference as an exception under Younger.  Petitioner does not allege he has been the subject of harassment or that that his continued prosecution is in bad faith and without hope of obtaining a valid conviction.  See Brown, 676 F.3d at 901.  While Petitioner asserts various claims under his "inadequacy of courts and counsel" claim[5], see dkt. 1 at 6-9, even liberally construed, these conclusory allegations are unsupported and do not demonstrate bad faith or harassment on the part of the prosecution.  See Collins v. People of the State of California, No. CV-16-03703-DMG (KS), 2016 WL 4161973, at *2 (C.D. Cal. Aug. 1, 2016), judgment entered, 2016 WL 4149942 (C.D. Cal. Aug. 1, 2016) ("Federal intervention cannot be predicated on conclusory allegations and Petitioner provides no proof that his continued prosecution by the state actually stems from bad faith and harassment and not some other basis".).  Furthermore, Petitioner has not shown he will suffer "irreparable injury" by waiting until the state court proceedings are concluded to bring his claims in this Court.  See Younger, 401 U.S. at 46 (holding "irreparable injury is insufficient unless it is 'both great and immediate'").

---

[4] Petitioner has not alleged his state bail hearing was constitutionally inadequate, in which case Younger may not apply.  See Arevalo v. Hennessy, 882 F.3d 763, 766 (9th Cir. 2018) (finding that where Petitioner was challenging a constitutionally inadequate bail hearing in state court and had "properly exhausted his state remedies as to his bail hearing," "Younger abstention is not appropriate in this case because the issues raised in the bail appeal are distinct from the underlying criminal prosecution and would not interfere with it.")

[5] Petitioner claims (1) he has not been able to "show up in court to have a hearing on any substantial motions" since February 27, 2020, on which date Superior Court Judge Debra Cole-Hall "committed fraud by uttering a felony complaint for an arrest warrant was filed on a date not shown nor had any judge name nor time of an issuance of the warrant (P.C. § 470) while acting as an adverse party to a suppression hearing (PC § 153.85)," in violation of Petitioner's Fourth Amendment rights; (2) "the district attorney did not present any evidence to establish any relevant identification of me to any robberies and had to elicit false evidence on 3 charges to convey to the magistrate on January 17, 2017 at the preliminary hearing . . . ."; and (3) "[t]hese instances are being delayed and hindered by the abuse of the government and is further being arbitrary and capricious by judicial officers during this global pandemic." Dkt. 1 at 7-9.

Accordingly, federal court abstention is required. <u>Younger</u>, 401 U.S. at 53-54. The Petition is, therefore, subject to dismissal.

## IV.
## ORDER

For the above reasons, the Petition appears subject to dismissal. Petitioner is therefore ORDERED TO SHOW CAUSE in writing **within thirty (30) days of the date of this Order**, why the Court should not dismiss the Petition. Petitioner must respond in writing by either (a) clearly explaining why the deficiencies referenced above do not warrant dismissal; or (b) filing a First Amended Petition curing the above referenced deficiencies. Specifically, Petitioner must provide sufficient factual allegations to permit a plausible inference that Petitioner satisfies one of the three exceptions to the Younger doctrine: great and immediate irreparable harm; bad faith or harassment; or bias. A First Amended Petition shall be complete in itself. It shall not refer in any manner to the original Petition. In other words, Petitioner must start over when preparing the First Amended Petition.

**Alternatively, Petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a).** A Notice of Dismissal form is attached for Petitioner's convenience.

**The Court expressly warns Petitioner that failure to timely file a response to this Order will result in the Court dismissing this action without prejudice for the reasons stated above.**

**The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record and provide Petitioner with a blank form Petition for his use in filing a First Amended Petition.**

**IT IS SO ORDERED.**